UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| RONALD SCOTT, CARMAN BROWN, and FRANKIE BROWN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 1:22-cv-00308-KAC-SKL ) |
| SHERIFF MURRY BLACKWELDER, individually and in his official capacity, OWEN BLACKWELDER, TAMMY MCDONALD, ROB CARTER, MIKE PITTS, TONEY METCALF, SANDY METCALF, and JOHN MCDONALD, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

This case is filed pro se and without prepayment of fees. Plaintiff Ronald Scott initiated this case on December 12, 2022, by filing a complaint [Doc. 1] and an application to proceed *in forma pauperis* ("IFP") [Doc. 2]. Although he identified three plaintiffs in the complaint – himself, Carman Brown, and Frankie Brown – the complaint did not include any allegations specifically related to Carman or Frankie. In addition, neither Carman nor Frankie signed the complaint, submitted their own IFP applications, or paid the filing fee.

On December 28, 2022, the Court entered an Order [Doc. 7] describing the steps Carman and Frankie would have to take to participate in this case, and outlining various other deficiencies related to Scott's claims, including that Scott did not identify the alleged violations committed by each Defendant, nor did he identify any dates for the alleged violations. Rather than recommend dismissal of the case, the Court allowed Scott an opportunity to file an amended complaint and attempt to cure these and any other deficiencies. Scott was ordered to file the amended complaint

by January 31, 2023.  The Court's December 28 Order specifically warned that if an amended complaint was not timely and properly filed, the case was subject to dismissal based on a failure to prosecute.  *See* Doc. 7 at Page ID # 22-24; Fed. R. Civ. P. 41(b); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute.").  The Order also warned that if Carman or Frankie failed to timely submit proper IFP applications, their claims, if any, would be dismissed for failure to prosecute.

The Clerk mailed a copy of the December 28 order to Scott, Carman, and Frankie, and blank IFP applications to Carman and Frankie, to the Lincoln County Jail, which was the only address Scott provided.  The mail was returned as undeliverable.  Scott never updated his address in violation of the Court's Local Rules; however, the Court discovered through its own efforts that Scott may have been housed at the Bledsoe County Correctional Complex.  A copy of the December 28 letter was therefore mailed to Scott at the Bledsoe County Correctional Complex on January 5, and it has not been returned as undeliverable.  Carman and Frankie have not updated their addresses, and the Court could not locate a record of them at the Bledsoe County Correctional Complex, or anywhere else for that matter.

Scott has not filed an amended complaint.  Carman and Frankie have not filed any signed pleading, nor have they completed IFP applications.  None of them have communicated in any way with the Court since the case was opened, despite the Court's repeated attempts to do so.  The January 31 deadline has long passed, even granting extra time for the Court to update Scott's address.

Accordingly, I **RECOMMEND**[1] that this action be **DISMISSED WITHOUT PREJUDICE**, Scott's IFP application [Doc. 2] be **DENIED AS MOOT**, and this case be **CLOSED**.

**ENTER:**

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).